FITZGERALD MEAT TREE CO. v. MORRIS et al.

(Circuit Court of Appeals, Seventh Circuit. October 24, 1906.)

No. 1,252.

PATENTS—INVENTION—MEAT TREE.

The Oehmen patent, No. 688,674, for a meat tree is void for lack of patentable invention, in view of the prior art and of prior devices used to display goods, practically the same in construction and mode of use.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below, see 142 Fed. 763.

The appeal is from a decree dismissing, for want of equity, appellant's bill to restrain the infringement of letters patent No. 688,674, issued to Peter Oehmen, December 10, 1901, for improvements in meat trees. No question is made that appellant's device is not a copy of the patented device. The claim in suit is this:

In a meat-tree, the combination of a suspendable tree body or bar, made of uniform size throughout its principal length, and provided at its upper end with means for detachably engaging a support, and a plurality of cross-trees or meat-supports mounted upon said tree-body, each comprising a cross-bar having sliding engagement with the tree-body, and provided at its opposite ends with supporting-bars arranged parallel with each other, a row or series of projections upon each supporting-bar, and means for securing said cross-trees in adjusted position upon the meat-tree body, substantially as described.

The patents cited on hearing are as follows:

No. 62,158, Feb. 19, 1867, W. M. & R. Savage.
No. 303,177, Aug. 5, 1884, W. H. Miller.
No. 331,758, Dec. 8, 1885, R. Barrett.
No. 336,123, Feb. 16, 1886, J. W. Leggitt.
No. 358,475, March 1, 1887, J. R. Palmenberg.
No. 361,245, April 12, 1887, F. A. Weber.

No. 405,257, June 18, 1889, C. R. Harris.
No. 436,382, Sept. 16, 1890, J. Schaub.
No. 485,975, Nov. 8, 1892, S. Newman.
No. 550,048, Nov. 19, 1895, W. L. Ketchum.
No. 554,717, Feb. 18, 1896, T. F. McGann.
No. 628,784, July 11, 1899, J. J. Fitzgerald.
No. 629,105, July 18, 1899, J. J. Fitzgerald.
Further facts are stated in the opinion.

Chas. C. Linthicum, for appellant.

A. H. Adams, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

Prior to the patent in suit, the method of smoking meat, in packing houses, was to carry the cuts of meat to the smoke house in trucks, pass them in through a door where they were hung, one piece at a time, by means of a short stick or skewer passed through the loop of the string attached to the cut, the ends of the stick being laid on timbers supported by continuous ledges projecting from the side walls of the smoke house.

The Oehmen meat tree is a suitable tree body made of uniform diameter through its principal length, upon which are mounted a number of cross trees, each cross tree provided at its outer ends with suspension bars, arranged to extend parallel with each other, and preferably at right angles to the cross bar; the length of the cross bar being such that the parallel bars shall be far enough apart to insure that the cuts of meat shall hang out of contact with each other, but so close as to economize space. The cross trees are vertically adjusted by means of a hub arranged concentrically with the tree, and set by a set screw; and horizontally by means of rows of studs placed at intervals apart, throughout the length of the bar; the whole tree being mounted to a trolley rail by means of a hook or other support.

The advantages of this method over the old method are apparent. Under the new method, the trees are loaded before being run into the smoke house, and run out again before unloading; thus saving the repeated handling of the cuts—a sanitary improvement. In the same way time and labor is saved—a pecuniary improvement. Another advantage is that the capacity of the smoke house is increased through the adjustability, vertically, of the meat trees—the ledges in the old smoke house being stationary. Still another advantage: That under the new method, the smoking process is continuous, thus saving the time and expense of cooling off and refiring every time the meat is changed. Indeed, had Oehmen bridged, with his device, the whole of this improvement, and patented either the improved process or the mechanism that made the improved process practicable, the validity of his patent could not be easily questioned.

But the Oehmen patent does not bridge this improvement. It does not cover a process of any kind; nor did it give being to mechanism that for the first time transported meat to and fro upon meat trees. It did not, in any way, introduce the idea that distinguishes, as a unit, the new method from the old. Prior to the Oehmen patent, sausages

were carried into the smoking room in cages, and by means of trolleys. Prior to the Oehmen patent, Fitzgerald provided meat trees running on trolleys, differing only from the Oehmen meat tree in the arrangement of the hooks or cross bars on which the meat was hanged. Then, too, there were the McGann and Miller display trees, employing in substance, the parallel bars of the Oehmen tree, or radial bars almost technically their equivalent, vertically adjustable—display trees only, it is true, but containing all the mechanical arrangements that distinguish the Oehmen tree.

Here, then in the prior art are to be found the idea that differentiates the new method of smoking from the old, as well as the mechanical means through which the idea is made to work; so that Oehmen, at most, could have but a very narrow patent upon the specific construction described.

Even that we cannot allow him, for his construction differs from the display trees only in the adaptation of the parallel bars to hams and other cuts of meat—an adaptation that mechanical skill readily suggests.

But it is urged that though the Oehmen tree, employed as a display tree for the handling of articles of merchandise, would, in its specific construction be fully anticipated by the prior art, the fact that it was intended for the handling of hams in a smoke house, to be transported thereto and therefrom by means of a trolley, takes it out of the anticipation. We do not think so. Certainly it would not be taken out were it to be used for the handling of hams on exhibition in a meat shop; for the mere adaptation of the parallel bars to hams, instead of other articles of merchandise, does not evidence invention; and this is not affected by the fact that the tree is intended to be transported in and out of a smoke house; for transportation by trolley, in and out of meat houses, was already old in the art. Indeed the patent lays no claim to such conception as a thing new in the art.

The decree of the Circuit Court is affirmed.